OPINION
This appeal, submitted on the accelerated calendar, is being considered pursuant to App.R.11.1(E) and Loc.R. 12. Pursuant to Loc.R. 12(5) we have elected to issue a full opinion.
This appeal is taken by Plaintiff-Appellee the State of Ohio from the judgment entered by the Court of Common Pleas of Paulding County dismissing the indictment of Defendant-Appellant Brian S. Parrish for rape, a violation of R.C. 2907.02(A)(1)(c), a felony in the first degree.
On Saturday, November 14, 1999, Parrish and his best friend, Brad Peters, attended a party at Travis Overmeyer's home, a mutual friend. Overmeyer was hosting the party in honor of his girlfriend's twenty-first birthday. Overmeyer provided his guests with music, alcohol, food and a bon fire. Several of the guests were minors, under the legal drinking age of twenty-one, including Brian Parrish. Parrish and Peters arrived late in the evening. During the party Parrish and Peters socialized with other guests, "hung out at the bon fire and other stuff".
Around one o'clock in the morning Peters and Parrish decided to leave the party and go home. Parrish and Peters had decided to walk home because both were too intoxicated to drive. Once outside Overmeyer's home, other guests informed Parrish and Peters that the police had arrived. As a result, Parrish and Peters walked home through the field in the back of Overmeyer's home so that they would go unnoticed by the police.
Once Parrish and Peters were out in the field Parrish thought he heard someone walking behind him, he turned around and noticed it was Kerri Brockhaus. Kerri Brockhaus had been at Overmeyer's party as well. Kerri was only seventeen and when the police arrived Kerri fled the house for fear of being arrested. Kerri followed Parrish and Peters into the field because they were older and she thought they would know what to do in this type of a situation. Although a minor, Kerri admittedly consumed several alcoholic beverages.
Some of the following scenario is in dispute: While walking into the field with Peters and Parrish Kerri stated that she was cold and one of the boys put his arms around her waist to keep her warm. Then Kerri began kissing Parrish. Kerri then began to rub Peter's genitals and in response Peters began to kiss and massage Kerri's breasts. Kerri pants were pulled down and Parrish and Peters both digitally penetrated Kerri's vagina. Kerri removed Parrish's penis from his pants and began to rub it. At some point Parrish ejaculated. Kerri claims that one of the boys inserted his penis in her vagina and engaged in sexual intercourse. Parrish claims that he never inserted his penis in Kerri's vagina and Peters maintains that his pants were never undone or removed.
While Parrish, Peters and Kerri were in the field Kerri's boyfriend, Justin James, noticed that she was missing from Overmeyer's house and went outside in the field to search for her. James began screaming Kerri's name. Upon hearing James' voice Parrish, Peters and Kerri all stopped what they were doing. Parrish and Peters exited the field towards their home and Kerri redressed herself as James approached. James began yelling at Kerri and asking her what had happened and what she was doing in the field with Parrish and Peters. Kerri responded that she didn't know what happened and that she didn't remember.
James and Kerri discussed it further and she finally told James what had happened but she said she had no idea what they were doing she was so drunk and it wasn't until she heard his voice calling for her that she realized what was going on. A few minutes later James called the police. Later that evening Kerri filed a report with the police department claiming that Parrish and Peters had raped her. Parrish and Peters were brought in for questioning.
On January 14, 2000, Parrish and Peters were indicted on charges of rape. The indictment read in part:
 "* * * on or about the 14th day of November, 1999, in Paulding County, Ohio, Brian S. Parrish, did engage in sexual conduct with Kerri A. Brockhaus, not the spouse of said Brian S. Parrish the said Kerri A. Brockhaus's ability to resist or consent was substantially impaired because of a mental or physical condition, and the said Brian S. Parrish knew or had reasonable cause to believe that the said Kerri A. Brockhaus's ability to resist or consent was substantially impaired because of a mental or physical condition; in violation of Section 2907.02(A)(1)(c) of the Ohio Revised code and against the peace and dignity of the State of Ohio (RAPE) a felony of the first degree.
In the Bill of Particulars, the prosecution advanced the following facts in support of the indictment:
 "More specifically, on said date at 04:00 Brian S. Parrish did have nonconsensual sexual intercourse with Kerri A. Brockhaus in a[n] open field located besides the residence of 1674 C.R.d 250 Antwerp. Ohio 45813. The victim Kerri Brockhaus age 17 was intoxicated and the Defendant knew or had reasonable cause to believe that the victim was impaired by alcohol.
On May 1, 2000, Parrish filed a motion to dismiss the indictment pursuant to R.C. § 2937.04 asserting that "voluntary intoxication should not be considered a `mental or physical condition' under R.C. § 2907.02 (A)(1)(c)." In its judgment entry dated May 15, 2000, the trial court granted Parrish's motion to dismiss. It is in part:
 "The Court further finds that the State acknowledges that at the time of the offense herein the victim was voluntarily intoxicated and that it was this voluntary intoxication that is the basis for the allegation that the victim's ability to resist or consent was substantially impaired because of a mental or physical condition; and,
 The Court further finds that voluntary intoxication is not a mental or physical impairment as contemplated by Section 2907.02(A)(1)(c) of the Ohio Revised Code * * *"
On appeal from that dismissal the State of Ohio presents the following sole assignment of error:
 The trial court erred as a matter of law when it dismissed the indictment for rape pursuant to the Ohio Revised code Section 2907.02(A)(1)(c).
We do not address the error assigned. Upon review of the record, we note that the dismissal of the indictment by the trial court pursuant to R.C. § 2937.04 based upon the fact "that voluntary intoxication is not a mental or physical impairment as contemplated by Section 2907.02(A)(1)(c) of the Ohio Revised Code" was improper. R.C. § 2937.04 provides:
 If accused does not desire counsel or, having engaged counsel, appears at the end of granted continuance, he may then raise, by motion to dismiss the affidavit or complaint, any exception thereto which could be asserted against an indictment or information by motion to quash, plea in abatement, or demurrer. Such motion may be made orally and ruled upon by the court or magistrate at the time of presentation, with minute of motion and ruling made in the journal (if a court of record) or on the docket (if a court not of record) or such motion may be presented in writing and set down for argument at later time. Where the motion attacks a defect in the record by facts extrinsic thereto, proof may be offered by testimony or affidavit.
Further, a motion to dismiss an indictment shall be based on defects in the indictment and filed prior to trial. Crim.R.12.
In the case sub judice, the trial court did not dismiss the indictment for a defect in the indictment such as failure to charge a crime. Nor was there a proper Crim.R. 29 motion for acquittal based on any evidence presented via stipulation or otherwise. To the contrary the trial court weighed the factual allegations presented in the Bill of Particulars and dismissed the indictment for insufficiency of evidence. In its judgment entry the trial court reasoned:
 "The Court further finds that the State acknowledges that at the time of the offense herein the victim was voluntarily intoxicated and that it was this voluntary intoxication that is the basis for the allegation that the victim's ability to resist or consent was substantially impaired because of a mental or physical condition; and, The Court further finds that voluntary intoxication is not a mental or physical impairment as contemplated by Section 2907.02(A)(1)(c) of the Ohio Revised Code * * *"
Such a weighing of the evidence is only appropriate upon a Crim.R. 29 Motion for Acquittal after the evidence on either side is closed.
We do not decide whether voluntary intoxication is a mental or physical condition as contemplated by Section 2907.02(A)(1)(c) of the Ohio Revised Code. Rather, because the trial court improperly granted a motion to dismiss based on the insufficiency of the evidence before the presentation of the State's evidence, we reverse the decision of the Court of Common Pleas of Paulding County and remand for further proceedings not inconsistent with this opinion.
 __________________________ BRYANT, J.
 HADLEY, P.J., and SHAW, J., concur.